## Case No. 16,071.

UNITED STATES v. PORTER.

[Nowhere reported; opinion not now accessible.]

## Case No. 16,072.

UNITED STATES v. PORTER.

[2 Cranch, C. C. 60.] [1]

Circuit Court, District of Columbia. Dec. Term, 1812.

INDICTMENTS FOR MISDEMEANOR—COMPETENCY OF WITNESSES—BARRATRY—LIMITATION—INDICTABLE FRAUD—ATTORNEYS—DISBARMENT.

1. Two or more counts for misdemeanor may be joined in one indictment.

2. The person defrauded is a competent witness for the prosecution, upon an indictment for the fraud.

3. Upon an indictment for barratry, no evidence can be given of specific acts, without notice.

4. Notice given after the commencement of the trial, is too late.

5. A witness is incompetent, who has been convicted of a conspiracy to defraud the creditors of an insolvent debtor.

[Cited in dissenting opinion in Green v. Superior Court, 78 Cal. 566, 21 Pac. 541.]

1 [Reported by Hon. William Cranch, Chief Judge.]

6. A grand juror may be required to testify as to the evidence given before the grand jury.

7. The act of congress of 1790 [1 Stat. 112], limiting prosecutions for misdemeanor to two years, is applicable to common-law misdemeanors in the District of Columbia.

[Cited in U. S. v. Watkins, Case No. 16,649; U. S. v. Six Fermenting Tubs, Id. 16,296.]

8. Fraud is not indictable, unless it concern the public, or be committed by false tokens, or false pretences.

9. The court will strike an attorney from the roll, for malpractice, although it be not indictable.

[Cited in Ex parte Burr, Case No. 2,186. Cited in brief in Bradley v. Tochman, Id. 1,788.]

The defendant [James A. Porter] was an attorney of this court. The indictment contained five counts. 1st. For barraty; 2d, 3d and 4th, for being a common cheat and swindler, and fraudulently getting into his possession the property of his client, Jenkins; and 5th, for conspiracy with one McCutchen, to defraud McCutchen's creditors, by means of his discharge under the insolvent law.

F. S. Key, for the traverser, moved the court to quash the indictment, on the ground that it contained various counts requiring different judgments. Young v. Rex, 3 Term R. 98, 101, 106. Although this is not a good ground for arresting the judgment, it is good ground for quashing the indictment. The judgment for barratry, is fine and imprisonment, and incapacity to pursue his profession. Upon the counts for swindling, if the offences come under the statutes of 32 Hen. VIII. c. 1, of false tokens, or 30 Geo. II., of false pretences, they may be punished by fine, imprisonment, or pillory, or whipping, or transportation, or other corporal punishment, except death; and upon the count for conspiracy, there would be a villanous judgment. He also contended that the 2d, 3d, and 4th counts ought to be quashed, because they charged only a civil injury, not a public offence. A mere falsehood, or simple fraud, is not indictable. There must be a false token, or a false pretence. They charge that the traverser, under the pretence of being the attorney of Jenkins, fraudulently extorted and obtained the property mentioned. That was not a false pretence, for he was his attorney. The indictment must set forth the pretence, and aver it to be false. No fraud is indictable at common law, unless it be of a public nature, and effected by means which a prudent and intelligent man could not avoid. 4 Bl. Comm. 134; 1 Hawk. P. C. 193, c. 73, § 8; Rex v. Lara, 6 Term R. 565; East, P. C. 816; Rex v. Wheatly, 2 Burrows, 1128; 2 Hale P. C. 182, 184; 2 Hawk. P. C. (fol. Ed.) 226, c. 25, § 59; 1 Hale, P. C. 668; Trem. P. C. 104; Reg. v. Daniel, 1 Salk. 380; People v. Babcock, 7 Johns. 201; J'Anson v. Stuart, 1 Term R. 753; Rex v. Osborn, 3 Burrows, 1697. If an indictment for an offence, which was an offence at common law, concludes contra formam statuti,

but the case is not brought, by the indictment, within the statute, it shall be quashed, and the party will not be put to answer it as an offence at common law. 2 Hale, P. C. 171.

Mr. Jones, contra. It is not a matter of discretion with the court to quash an indictment. The only authority cited is the dictum of Judge Buller, in Young v. Rex. 3 Term R. 98. There is no rule which prohibits the joinder of two counts for misdemeanor in one indictment. The judgments on these counts would not be inconsistent. The court may remove an attorney from practice upon conviction of any offence. But if the court has a discretion to quash this indictment, they will not, when the facts charged touch the character of one of its officers, who may be removed upon proof of those facts, although they should not amount to a crime in legal acceptation. But the court has no discretion to quash the indictment, unless it plainly appears that no judgment can follow conviction. The opposite counsel have mistaken the nature of the indictment. It is not under the statute of false tokens, or false pretences; it is for being a common barrator, and a common cheat and swindler.

THE COURT (FITZHUGH Circuit Judge, absent) quashed the 3d and 4th counts, but refused to quash the 2d, as they deemed it important to ascertain the truth of the charges against the traverser, who was an attorney of the court.

Upon the trial, Mr Jones, for the United States, offered to examine Jenkins as a witness.

Mr. Key, for the traverser, objected that he was the person supposed to be cheated, and had suits now pending against the traverser for the same property of which he is supposed by the indictment to have been cheated by the traverser. No witness can be permitted to invalidate an instrument signed by himself. Walton v. Shelley, 1 Term R. 296. Nor can the person whose name is supposed to have been forged, or whose property may be prejudiced by the forgery, be permitted to prove it by his own testimony. 2 Hawk. P. C. 433, bk. 2, c. 46, § 24. Nor can the person cheated be a witness to prove the cheat. Rex v. Whiting, 1 Ld. Raym. 396; McNally, Ev. 105, 124. So in U. S. v. Maxwell, for bigamy, at December term, 1810 [Case No. 15,749], the court rejected the testimony of a witness,—called to prove the first marriage, and who had a suit depending against the prisoner for goods furnished to his first wife.

Mr. Jones, contra. The case of Walton v. Shelley has been overruled by Jordaine v. Lashbrooke, 7 Term R. 601; and the rule, as to interest, is that if it be not a necessary and certain interest, it does not disqualify the witness. The objection is generally to his credit. The case of forgery is an exception to the general rule. Peake, Ev. 93–95;

Abrahams v. Bunn, 4 Burrows, 2255; Smith v. Prager, 7 Term R. 60; Bent v. Baker, 3 Term R. 27.

Mr. Key, in reply. There is no case overruling that of Rex v. Whiting. In the cases cited there was no civil suit pending. 1 McNally, Ev. 106, 107.

THE COURT (FITZHUGH, Circuit Judge, absent) was of opinion that Jenkins was a competent witness, and that the objection went only to his credit.

Mr. Jones, for the United States, then offered evidence upon the first count, which charged the defendant as a common barrator.

Mr. Key objected that no evidence can be given of specific acts of barratry, without notice.

Mr. Jones then offered in evidence an agreement between defendant and one Thomas Herty to commit barratry, and a letter, as general evidence; not of any specific item.

THE COURT said that the agreement and letter were premature evidence, before evidence had been given to any particular act of barratry.

Mr. Jones then offered Herty as a witness.

Mr. Key objected that he was incompetent because he had been convicted of a conspiracy to defraud the creditors of McCutchen, which is an infamous offence. It is the crimen falsi. The infamy is in the offence, not in the punishment. 1 Hawk. P. C. 178, 193 (fol. Ed.) c. 72; 1 McNally, Ev. 206; 1 Hale, P. C. 306; Peake, Ev. 86; Chater v. Hawkins, 3 Lev. 426; Rex v. Ford, 2 Salk. 690.

Mr. Jones, in reply No common-law offence is sufficiently infamous to exclude a witness, unless it be one to which the common law has annexed an infamous punishment. The crimen falsi, is only where forgery or perjury is charged; or a conspiracy to charge a person with forgery or perjury.

THE COURT, however, was of opinion that Herty was not a competent witness. The conviction and judgment upon the indictment for conspiracy with McCutchen to defraud his creditors by secreting property on taking the oath of an insolvent debtor, is a conviction of an infamous crime. It partakes of the crimen falsi.

Mr. Jones then offered to examine Mr. S. H. Smith, the foreman of the grand jury, to prove what the defendant stated and confessed before the grand jury on an examination before them.

Mr. Key objected that the grand jurors are bound to secrecy by their oath. 1 McNally, Ev. 253; Burr's Trial (reported by Carpenter) vol. 3, p. 289.

THE COURT (nem. con.) overruled the objection.

Mr. Jones then offered the defendant's receipt for papers, &c. from Jenkins, dated more than two years before the indictment.

Mr. Key and Mr. Caldwell, for the defendant,

objected under the act of congress of 30th of April, 1790, § 32, which limits the prosecution to two years, and contended that this paper was not evidence upon that part of the indictment which avers that he fraudulently obtained possession of Jenkins's property.

But THE COURT (nem. con.) said that the gist of the indictment was the fraudulent application of, and refusal to account for, the property; and permitted the paper to be read.

Mr. Key then objected to evidence of acts of fraud committed more than two years before the finding of the indictment, and relied upon the 32d section of the act of congress of April 30, 1790, "for the punishment of certain crimes against the United States." 1 Stat. 112.

Mr. Jones, contra. The act of congress does not apply to this case. It relates only to cases within the jurisdiction of the circuit courts of the United States, and punishable by those courts. It does not apply to jurisdictions created subsequent to that act, nor to any offences but those which are created by the laws of the United States. The courts of the United States have no common-law criminal jurisdiction.

THE COURT (FITZHUGH, Circuit Judge, absent) was clearly of opinion that the act of congress of the 30th of April, 1790, § 32, applied to the case; and instructed the jury that they could not find the defendant guilty upon evidence of acts of fraud committed more than two years before the finding of the indictment.

After the trial had occupied one day, a notice of the particular acts of barratry intended to be proved was delivered to the defendant's wife.

THE COURT said it was not reasonable notice. 1 Hawk. c. 81, § 13; J'Anson v. Stuart, 1 Term R. 754.

Verdict, guilty, on the 2d count. The attorney for the United States, entered a nolle prosequi upon the other counts.

THE COURT (FITZHUGH, Circuit Judge, doubting,) upon the defendant's motion, arrested the judgment, upon the ground that the fraud was not of a public nature; and not perpetrated by means of false tokens, or false pretences; they ordered the defendant's name to be stricken from the roll of attorneys of this court.