Nov. Term,
1838.

BURNHAM
v.
HATFIELD.

BURNHAM *v.* HATFIELD.

If, after the venue in a cause is changed, the defendant plead to the action, he cannot object to the order changing the venue.

The oath of grand jurors to keep their proceedings secret, does not prevent the public or an individual from proving by one of the jurors in a Court of justice, what passed before the grand jury.

ERROR to the *Huntington* Circuit Court.

Tuesday,
November 20.

BLACKFORD, J.—Trespass on the case against *Burnham* for criminal conversation with the plaintiff's wife. Plea, not guilty. Verdict and judgment for the plaintiff.

This suit was commenced in *Allen* county, and removed by a change of venue to *Huntington.*

There are some objections made to the form of the order for the change of venue, but they come too late. They were waived by pleading to the action in the *Huntington* Circuit Court.

Upon the trial, the defendant offered to prove by a member of a previous grand jury, some admissions respecting the cause of action, made by the plaintiff on his examination before the grand jury. This evidence was objected to, and the objection sustained.

We think the witness ought to have been examined. The oath of grand jurors to keep their proceedings secret, does not prevent the public or an individual from proving by one of the jurors in a Court of justice, what passed before the grand jury (1).

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*C. Fletcher* and *O. Butler,* for the plaintiff.

*H. Cooper* and *D. H. Colerick,* for the defendant.

(1) It does not appear to be completely settled in *England,* that a grand-jury-man is at liberty to disclose the evidence laid before the grand jury, in the course of a criminal proceeding. 1 Phill. Ev. 288, and the cases there cited.