SHATTUCK
v.
THE STATE.

---

## SHATTUCK *v.* THE STATE.

Indictment for forgery. Plea in abatement, that, "The defendant in this case, for plea in abatement to the indictment, says that, at the time this charge was being examined before the grand jury, and while the evidence was being heard, and the vote of the grand jury was being taken on the finding of the indictment, one *Nelson Prentiss,* and one *John W. Dawson* were before the grand jury, and took a part in the discussion before said grand jury, and in examining the witnesses, and advised and instructed the grand jury as to what they ought to do; that *Prentiss* and *Dawson* were not members of the grand jury, nor were they authorized to go before said grand jury as witnesses, or in any other capacity; wherefore," &c. Reply, that, 1. "The state of *Indiana,* for replication to said answer of defendant, says, that she denies each and every allegation therein." 2. "Said state says, that said *John W. Dawson* and *Nelson Prentiss* were present in said grand jury room by the direction, and as the assistants, of *Sandford J. Stoughton,* then and still the prosecuting attorney of the tenth judicial circuit aforesaid, within which said county is situate." Rejoinder, "That neither said *Dawson,* nor said *Prentiss,* were appointed by said *Stoughton* in writing, nor were they either of them sworn to act, to-wit, as deputy prosecutors, or sworn at all." Demurrer, for that, 1. "The matters and things in said rejoinder contained do not constitute a sufficient answer," &c. 2. "There is no necessity for the prosecutor to appoint his deputies in writing, nor that they should be sworn." Demurrer sustained. The first paragraph of the reply was withdrawn.

*Held,* 1. That the prosecuting attorney may attend the sittings of the grand jury, examine the witnesses, and advise the jury of matters of law.

2. That as the pleadings leave it in doubt whether the participation in the discussions, and the advice to the jury were of matters of law or fact; and as the jury might ask, and the prosecutor give, advice upon the law; it is presumed that the acts of the jury and of the deputy prosecutors were in accordance with their respective rights under the law.

3. That as there was no averment of fraud or improper motives, or that the advice procured the return of the indictment, or had any influence, but, on the contrary the deputies seem to have acted in good faith, *it seems* that they were officers *de facto,* and their acts valid.

4. That the better practice would be for the grand jury to permit no person to be present when they vote upon an indictment; but, *it seems,* they may permit the prosecuting attorney to be present.

Nov. Term, 1858.

5. That although the sittings of the grand jury are secret, their proceedings may be disclosed in evidence.

SHATTUCK
v.
THE STATE.

*Monday, January* 10, 1859.

APPEAL from the *Noble* Circuit Court.

HANNA, J.—The defendant was indicted, tried, and convicted of forgery, in passing a counterfeit bank note.

During the progress of the prosecution, the following pleadings were filed, to-wit:

" The defendant in this case, for plea in abatement to the indictment, says, that, at the time this charge was being examined before the grand jury, and while the evidence was being heard, and the vote of the grand jury was being taken on the finding of the indictment, one *Nelson Prentiss* and one *John W. Dawson* were before the grand jury, and took a part in the discussion before said grand jury, and in examining the witnesses, and advised and instructed the grand jury as to what they ought to do; that *Prentiss* and *Dawson* were not members of the grand jury, nor were they authorized to go before said grand jury as witnesses, or in any other capacity; wherefore," &c.

The prosecutor replied—

1. " The state of *Indiana*, for replication to said answer of defendant, says, that she denies each and every allegation therein."

2. " Said state says, that said *John W. Dawson* and *Nelson Prentiss* were present in said grand jury room by the direction, and as the assistants, of *Sandford J. Stoughton*, then and still the prosecuting attorney of the tenth judicial circuit aforesaid, within which said county is situate."

Thereupon, the defendant filed what is called a rejoinder—

" That neither said *Dawson*, nor said *Prentiss*, were appointed by said *Stoughton*, in writing, nor were they, either of them, sworn to act, to-wit, as deputy prosecutors, or sworn at all."

To which a demurrer was filed by the state for the reasons—

1. " The matters and things in said rejoinder contained do not constitute a sufficient answer," &c.

2. "There is no necessity for the prosecutor to appoint his deputies in writing, nor that they should be sworn."

Which demurrer was by the Court sustained, and the ruling excepted to by the defendant.

The prosecuting attorney withdrew the first paragraph of the reply, and thereupon it was "adjudged by the Court that the defendant answer over to the indictment;" whereupon he, upon being arraigned, put in a plea of not guilty.

It is provided, by statute, that a prosecuting attorney shall be elected in each circuit, "who shall prosecute the pleas of the state." 2 R. S. p. 385.

Certain officers, among whom are prosecuting attorneys and constables, are, by statute, authorized to appoint deputies. By the same act, it is provided, that "such deputies shall take the oath required of their principals, and may perform," &c. 1 R. S. p. 256.

Without stopping to determine whether these pleadings are spun out to an extent unknown to our present system of procedure, or whether they are precisely in form, we pass to the consideration of the right of a prosecuting attorney to be present at the sittings of, and to advise, the grand jury, and of his power to appoint deputies.

It is stated by Mr. CHITTY, that "It is not unusual, except in the King's Bench, where the clerk of the grand juries attends them, to permit the prosecutor to be present during the sitting of the grand jury, to conduct the evidence on the part of the Crown." 1 Chit. Cr. Law, p. 317. See Whart. Cr. Law, p. 235.

Thus it would appear that the common-law practice, from which we derived the main features of our grand jury system, authorizes the attendance of the prosecutor upon the sittings of the grand jury, and the examination by him of witnesses. By that law and practice, the jury could call upon the Court or the prosecuting attorney for legal advice.

Such has also been the practice heretofore in this state, so far as we are informed. But under that law and practice, the advice given by the Court, or prosecutor, could not legitimately be upon questions of fact, but was con-

fined to questions of law; that is, neither could say to the jury that the facts were sufficient to authorize them to find a bill, no more than the judge should say to the petit jury, upon the trial, that they should return a verdict of guilty. In the one case, the inquiry is upon the question of "a true bill" or not a true bill, and in the other, a trial of the question of "guilty" or "not guilty."

In the case at bar, the pleading is somewhat obscurely worded; that is, it would include participation in the discussion of points of law or questions of fact; and the amount of advice as to what the jury ought to do, would include their action and determination as to the one or the other of these questions. As the grand jury had the right to ask, and the prosecutor to give, advice as to questions of law, but not as to the determination of questions of fact, and as the pleader has left it in doubt which he meant, we will presume that the acts of the jury and the prosecutor were in accordance with their respective rights, under the law, and not in violation of the law.

So much as to the rights and duties of a prosecutor. The next inquiry is, as to whether the persons named were entitled to the privileges of such officer.

We have a statute enabling a circuit judge, or certain county officers, to appoint an attorney or judge of a Court of record, in the absence of such circuit judge, to hold Court. The appointment must be in writing. 2 R. S. p. 6.

Under this statute, it was decided by this Court, in the case of *Case* v. *The State*, 5 Ind. R. 1, that, although the county officers had made an appointment in an instance where they had no power so to do, yet as he and they acted in good faith, his acts performed under color of that appointment were those of an officer *de facto*, and were valid. This case is not precisely in point; for the reason that the appointment was in writing, placed upon the order book, formed a part of the record, and could not be impeached after trial. Here, there was no appointment in writing, and, so far as the record shows, the first step taken by the defendant was to present the objection to the Court. But still we think the cases are similar in one respect. In each

of them, the persons acting in the capacity of officers appear to have acted in good faith. In the case at bar, there is no averment that any acts were influenced by fraud or improper motives. Nor is there even an averment that the acts and advice of *Dawson* and *Prentiss* procured the jury to return the indictment, or had any influence in causing the same to be returned. These reasons have also had much to do with our determination in regard to another point, and that is, that those persons were present at the time the vote of the jury was taken. The better practice would be for the jury to exclude every other person from their room at such time; but we are not prepared to say that they may not, in their discretion, permit the prosecuting attorney to remain. A person against whom an indictment should be returned, under such circumstances, would, perhaps, be permitted to aver and show that he had been thereby injured, or that improper influences had been brought to bear in procuring the return of the indictment. That point is not directly before us. We are strengthened in this view, by the fact that, by statute, an irregularity in the selection of a grand jury will not now avail the defendant upon plea in abatement, unless, in the opinion of the Court it amounts to corruption; although formerly, advantage could be taken of such objection by plea, &c. 2. R. S. p. 388.—5 Blackf. 75.—6 *id.* 248.

As to the question of the appointment of deputies, in *The N. A. and S. Railroad Company* v. *Grooms*, 9 Ind. R. 243, it was held by this Court that the service of process was sufficient where the process was delivered by the constable to a private citizen, as deputy, to serve, and a copy thereof delivered by said person to the defendant.

It is objected that, as the sittings of the grand jury are secret, their proceedings cannot, by any practice known to our law, be inquired into.

In was decided in *Burnham* v. *Hatfield*, 5 Blackf. 21, that in a civil action for criminal conversation with the plaintiff's wife, the defendant had a right to the evidence of a member of a previous grand jury to prove admissions made by the plaintiff on his examination before the jury;

Nov. Term, 1858.

SHATTUCK
v.
THE STATE.

Nov. Term,
1858.

and that the oath of grand jurors does not prevent the public, or an individual, from proving, by one of the jurors, in a Court of justice, what passed before the grand jury. It has also been held, that an inquiry may be made as to whether the requisite number agreed to the indictment (Whart. Cr. Law, 232, 238; 4 Greenl. Ev. 439, 448); though not as to who voted yea or nay upon it.

We have, therefore, come to the conclusion, though not without some hesitation, that the matters attempted to be set up in abatement were not sufficient to set aside the indictment.

During the progress of the trial, the Court refused to give the following instruction:

" The declaration of the defendant that he had paid a counterfeit bill to *Daniel Hyde*, made six months after it was paid, would not tend to prove the fact that at the time he paid it he knew it to be counterfeit."

The bill of exceptions states that "it is admitted that said charge is applicable to the evidence."

Neither the evidence nor instructions given are in the record. We are not apprised of the circumstances under which the defendant made the declaration alluded to. It may have tended to prove guilty knowledge, or may not. It was a question, for aught we can see, proper to be left to the jury.

*Per Curiam.*—The judgment is affirmed, &c.

*A. Ellison*, for the appellant.