[No. 10,064.]

## PEOPLE v. KELLEY.

TESTIMONY OF PERSONS ACCUSED OF CRIME.—Under the code a person accused of crime may voluntarily become a witness for or against himself at a preliminary examination ; and, if it appear that his testimony was voluntary and free from undue influence, it may be used in evidence against him on his subsequent trial for the offense.

APPEAL from the County Court of Solano County. The defendant appealed from the judgment and from an order denying a new trial. The other facts are stated in the opinion.

*John M. Coghlan*, for Appellant.

*Attorney-General Love* and *District-Attorney Wendell*, for Respondents.


By the COURT:

The defendant was convicted of grand larceny; and at the trial the prosecution offered in evidence his sworn testimony voluntarily given when testifying as a witness in his own behalf, on the preliminary examination before the committing magistrate. The testimony was admitted against his objection; and the correctness or incorrectness of this ruling is the only question before us on this appeal. The Criminal Practice Act, as it stood before the adoption of the codes, permitted the accused at his option, on the examination before the committing magistrate, to make a voluntary, unsworn statement in answer to certain specified questions to be propounded by the magistrate, but he was not subject to cross-examination. If it appeared that the statement thus made was entirely voluntary, it might be given in evidence against him, as a confession, on a subsequent trial for the offense. But in *People* v. *Gibbons*, 43 Cal. 557, we held that the magistrate had no authority to receive a sworn statement from the accused, detailing generally the facts of the transaction; and that a statement thus

made under oath, in the form of a deposition, was not competent evidence against him on a subsequent trial for the offense. We further held that the act of April 2d, 1866 (Statutes 1865–6, p. 865), authorizing accused persons to become witnesses in their own behalf, had no application to preliminary examinations before committing magistrates.

But the Penal Code, which was in force when the preliminary examination in this case was had, has abolished the provision authorizing the accused to make an unsworn statement; and Section 1,321 provides that the rules for determining the competency of witnesses in civil actions shall be applicable in criminal actions and proceedings, except as otherwise provided in the Penal Code. Section 1,323 provides that a defendant in a criminal action or proceeding "is not, without his consent, a competent witness for or against himself." By Section 1,879 of the Code of Civil Procedure, it is provided that "neither parties nor other persons who have an interest in the event of an action or proceeding are excluded" as witnesses. The result of these several provisions is that now an accused person, with his consent, may become a witness either for or against himself at the preliminary examination before the magistrate; and if he voluntarily becomes a witness, under such circumstances as to render it clear that his testimony was purely voluntary, and free from restraint or undue influence, there can be no reason why it may not be given in evidence against him on his subsequent trial for the offense. If his voluntary, unsworn statement may be proved against him as a confession, his voluntary testimony under oath, given in a proceeding in which he elects and is authorized to testify, ought to stand upon at least as favorable a footing. In this case the proof was that the defendant, after being informed by the magistrate of his rights, voluntarily and of his own motion, was sworn and testified as a witness in his own behalf. On the facts appearing in this record, we think the testimony was properly admitted.

Judgment affirmed.