UNITED STATES, RESPONDENT *v.* ROBERT C. KIRKWOOD, DEFENDANT.

EVIDENCE.—CONFESSION BEFORE GRAND JURY.—Under section 141 of the Code of Criminal Proced. requiring that a grand juror must keep secret whatever he himself or any other grand juror may have said, or in what manner he or any other grand juror may have voted on a matter before them, but may however be required by any court to disclose the testimony of a witness examined before the grand jury, for the purpose of ascertaining whether it is consistant with that given by the witness before the court, or to disclose the testimony given before them by any person, upon a charge against such person for perjury in giving his testimony, or upon trial thereof, *held*, that empowering the court to require the grand juror to disclose testimony for the two purposes specified, does not deprive it of the power to require disclosure for any other purpose, and that a grand juror may testify to a confession of defendant before the grand jury.

ID.—CONFESSION UNDER OATH.—If a defendant voluntarily appears before the grand jury, and after being warned by the prosecuting attorney, still voluntarily was sworn and confessed the charge, *held*, that upon his trial for such offense, his confession so made could be given in evidence against him.

APPEAL from a judgment of the district court of the first district. The opinion states the facts.

*Mr. A. G. Sutherland, Jr.,* and *Mr. Samuel R. Thurman,* for appellant.

*Mr. W. H. Dickson,* for respondent.

ZANE C. J.

The defendant was tried upon an indictment for unlawful cohabitation, was found guilty, and was sentenced to be imprisoned for the term of six months, and to pay a fine of $300, and from this judgment he has appealed.

While the charge against the defendant was being investigated before the grand jury he appeared, and offered himself as a witness, and the prosecuting attorney told him he could not be compelled to testify, and that he need not be sworn unless he so desired. Nevertheless, he expressed his willingness, and was sworn, and did testify. During the trial of the defendant upon the indictment, the prosecution called as witnesses two members of the grand jury by which the indictment had been found. Each of these witnesses was asked what the defendant had said while testifying before the grand jury. Thereupon his counsel objected for two reasons as alleged: *First,* that the witnesses were not competent under the statute to testify to what occurred in the grand jury room, because no charge of perjury was pending, nor had defendant given any evidence on the trial with which his statements before the grand jury could be inconsistent, and *second,* that the statements of defendant before the grand jury were not voluntary. But the court overruled the objection, and the witnesses respectfully testified that appellant had confessed to the grand jury that he knew the three women named in the indictment, Mary, Eliza, and Elizabeth; that they were his wives; that he had lived with them as such during the three years last preceeding the finding of the indictment, and during that time had represented them to be, and had held them out to the world as, his wives. The ruling of the court in admitting this testimony, defendant has assigned as error.

The first question raised upon this record, in the order we will consider it, is this: Was it error to permit mem-

bers of the grand jury that found the indictment against the defendant to testify in regard to what he had said before that body? The reason given for considering the ruling error is that the witnesses were incompetent. Section 141 of the criminal practice act of this territory is as follows: "Every member of the grand jury must keep secret whatever he himself or any other grand juror may have said, or in what manner he or any other grand juror may have voted, on a matter before them, but may, however, be required by any court to disclose the testimony of a witness examined before the grand jury, for the purpose of ascertaining whether it is consistent with that given by the witness before the court, or to disclose the testimony given before them by any person, upon a charge against such person for perjury in giving his testimony, or upon trial thereof." Laws Utah 1878, p. 89. This section expressly requires the grand juror to keep secret whatever any grand juror may have said, or how he may have voted, on any matter before the grand jury. It does not, in express terms, enjoin secrecy as to the statements of witnesses, or the confessions of parties.

The letter of the first clause would forbid the disclosure of anything said by a grand juror to a witness, by way of interrogation or otherwise, although such disclosure might be necessary in order to ascertain whether the testimony of a witness before the grand jury is consistent with that given by the same witness before the court, or in order to ascertain what the statement of a witness was before the grand jury, on his prosecution for perjury. The answers of a witness are often unintelligible without the question put, and the examinations by grand jurors are often leading, and sometimes are much involved with conversation which should be given with the answers of the witness. Grand jurors may be sworn also, and examined as witnesses, before the grand jury of which they are members; and if they commit perjury, they may be indicted. So far as they appear before the grand jury as witnesses, they should be treated as witnesses.

It is reasonable to assume that the authors of the section under consideration added the second clause for the pur-

pose of removing any doubt as to the right to call for the statements of grand jurors, so far as necessary to secure a full disclosure on the trial of the testimony or confessions of witnesses before the grand jury. The last clause was not necessary for any other purpose; for the testimony of witnesses, and the confessions of parties, were not required to be kept secret by the first clause; and the last section expressly declares that the court may require the grand juror to disclose the testimony of a witness before the grand jury, for the purpose of ascertaining whether such testimony is consistent with that given by the witness before the court, or to disclose it when the witness is on trial for perjury committed in giving such testimony. Disclosures for other purposes are not within the express terms of this clause. Secrecy, as to the testimony of witnesses before the grand jury, is not enjoined by the express terms of the statute, nor was the court expressly forbidden by the terms of the statute from requiring the grand jurors to disclose such testimony. It is claimed, however, that the court was forbidden by implication from requiring the grand juror to make such disclosure for any other purposes than those mentioned. The general rule is that admissions and confessions voluntarily made by a party may be given in evidence against him. The law does not favor a repeal of an existing law by mere implication, or of any of its provisions; nor does it favor any change, by mere implication, in the rules of evidence or otherwise, affecting the rights of the citizen or of the state. For instance, when a particular class of conduct or acts with a particular intent are described as a crime in a penal or criminal statute, the description will not be extended by implication to other classes of conduct or to other acts. Likewise, statutes in derogation of the common law are strictly construed. To hold that because the last clause of the section under consideration empowers the court to require a grand juror to disclose for two purposes, deprives it of the power to do so for all other purposes, makes a great change in the law by a bold implication.

Appellant's counsel also refer to section 1911, Comp. Laws Utah, in support of their position. That section

makes it a misdemeanor for any grand juror, except when required by a court, wilfully to disclose any evidence adduced before the grand jury. It does not forbid the disclosure when required by the court, as in this case.

When the intent of the legislature is in doubt, on account of the terms in which a statute is expressed, and the court is obliged to resort to construction, the object of the law—the evil intended to be remedied—should be kept in view. That must be the truest exposition of a law which best harmonizes with its design. Potter's Dwar. St. 178. The evil intended to be remedied by this section is evident; for secrecy as to the proceedings of a grand jury is necessary for several reasons, not the least of which are the necessity of keeping secret the knowledge which would induce an unarrested defendant to escape, and the feeling of confidence and security engendered in grand jurors as to what they may say or do in the jury-room. The object of the law is not to shield a witness from the just effects of his testimony or confessions. The public good demands that courts of justice, in searching for truth, should be permitted to use all fair and reliable means which may contribute to the end in view. There surely is no unfairness in using on the trial admissions and confessions voluntarily made before the grand jury. Such admissions are generally as reliable as if made elsewhere. We hold that the grand jurors were competent witnesses for the purpose for which they were used. 1 Bish. Crim. Law, (3d Ed.) Sec. 857; *People* v. *Young*, 31 Cal. 564; *Com.* v. *Mead*, 12 Gray, 167.

The appellant also insists that the court erred in admitting evidence of the confession before the grand jury, on the ground that the confession was not voluntary, because given under oath. Section 422, Laws Utah 1878, makes a defendant in a criminal action, with his own consent, a competent witness; and provides that his neglect or refusal to give his consent shall not in any manner be used against him. The general rule of evidence is that the voluntary confessions of a person on trial for a crime may be given in evidence against him. And if, of his own choice, after being warned, he takes an oath, which the

law provides that he may take, and makes a confession, we are unable to understand why such a confession is not as voluntary as if made not under oath.   It is certainly as reliable; for the obligations of an oath are usually an incentive to speak the truth.

*People* v. *Kelley*, 47 Cal., 125, was a prosecution for grand larceny; and at the trial the testimony of the defendant, voluntarily given under oath before the committing magistrate, was admitted in evidence against the defendant's objection.   In that cause, it was held by the supreme court of California that there was no error.   The court say: "The result of those several provisions is' that now an accused person, with his consent, may become a witness, either for or against himself, at the preliminary examination before the magistrate, and, if he voluntarily becomes a witness, under such circumstances as to render it clear that his testimony was purely voluntary, and free from restraint or undue influence, then there can be no reason why it may not be given in evidence against him on his subsequent trial for the offense.   If his voluntary unsworn statements may be proved against him as a confession, his voluntary testimony, under oath, given in a prosecution in which he elects and is authorized to testify, ought to stand upon at least as favorable a footing."   To the same effect is *State* v. *Glass*, 36 Amer. Rep. 845; *People* v. *Arnold*, 38 Amer. Rep. 182.

The exceptions taken by the appellant are overruled, and the judgment of the court below is affirmed.

HENDERSON, J., and BOREMAN, J., concurred.