## C. C. WISDOM v. THE STATE.

### No. 2187. Decided March 20, 1901.

**1. Burglary—Joint Ownership—Want of Consent—Evidence.**

Where the indictment charged the burglary of a storehouse of F. & C., and one of the partners, who was a witness, failed to testify as to his nonconsent to the taking of the goods, Held, the conviction would not be sustained upon his testimony, to the effect that he had not consented to defendant's entry into the store; his want of consent to the taking of the property after the burglarious entry will not be inferred where it could have been directly proven.

**2. Evidence—Confessions Made Before the Grand Jury.**

The confessions of a defendant, made by him after being warned, as a witness before the grand jury, are competent and admissible as evidence against him on his subsequent trial for the crime. Practically overruling Gutgesell v. State, 43 Southwestern Reporter, 1016. Henderson, J., dissents.

APPEAL from the District Court of Hunt. Tried below before Hon. L. A. CLARK.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

No detailed statement of the case is necessary.

*J. C. Roberts,* for appellant.—Where it is sought to secure a conviction on a charge of burglary with intent to commit theft, it is not only necessary to prove want of consent of the owner to the breaking and entry, but want of consent of the owner to the taking of the property must also be proven. In this case the storehouse alleged to have been burglarized and the goods contained therein were shown to belong to the firm of Frost & Campbell. The evidence of Frost, one of the owners, fails to show that he did not give his consent for appellant to take the goods, nor is it shown from any other source. Treadwell v. State, 16 Texas Crim. App., 643; Good v. State, 30 Texas Crim. App., 276; Taylor v. State, 23 Texas Crim. App., 639; Jackson v. State, 7 Texas Crim. App., 363. If the owner Frost had given his consent for appellant to take the goods which were in the storehouse, then the breaking and entry would not have been burglary. The State had closed its evidence on the main issue in the case, and the defendant had introduced his evidence in insanity. The State then introduced the witness Goolsby, and proved by him the statements made before the grand jury, while defendant was under arrest, but after he had been duly warned under the statute, the contention here is, that, notwithstanding the warning, this evidence was not admissible. That no amount of warning will justify the contravention of the plain provision of article 404, Code of Criminal Procedure, which inhibits the grand jurors from divulging the proceedings of the grand jury, except in "the course of a judicial proceeding in which the truth or falsity of evidence given in the grand jury room in a criminal case, shall be under investigation. Even if not under arrest, the proceedings are secret and

the rule applies. In this case the defendant had not testified. No question · was before the court as to what statements had been made before the grand jury. The court instructed the jury that they were not to consider the evidence except for the purpose of passing on the sanity, or insanity, of the defendant. It can not be seen what light this evidence would throw upon that subject. The trial court may have thought that only a crazy man would make such a statement, but appellant is now, and has always been, more than anxious to waive any such benefit that might accrue to him by reason of the admission of such illegal evidence. Hurst v. State, 40 S. W. Rep., 264.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

The indictment charged the burglarious entry of a storehouse of Frost & Campbell, with intent to commit theft, without the consent of both as to the taking of property. On the trial the State proved the want of consent of Campbell to the taking of the property, but did not prove the want of consent of Frost. This is urged as a ground for reversal. Campbell and Frost testified; Campbell fully as to his want of consent to the taking of the goods, but Frost testified only as to his nonconsent to the entry. This latter was not necessary. Treadwell v. State, 16 Texas Crim. App., 643; Taylor v. State, 23 Texas Crim. App., 639. Nor is it sufficient under the facts of this case, that the want of consent to the taking might be inferred from circumstances. Where the alleged owner is a witness, and fails to give direct and positive testimony to his want of consent to the taking of the property, such want of consent will not be inferred from other circumstances in evidence. Good v. State, 30 Texas Crim. App., 276. While it is true that the want of consent may be proved by circumstantial evidence, as said in Wilson's case, 45 Texas, 76; Kemp's case, 38 Texas, 110; McMahon's case, 1 Texas Criminal Appeals, 102; Welsh's case, 3 Texas Criminal Appeals, 422; Trafton's case, 5 Texas Criminal Appeals, 480; Clanton's case, 15 Texas Criminal Appeals, 448; Schultz's case, 20 Texas Criminal Appeals, 308; Mackey's case, 20 Texas Criminal Appeals, 603—yet this character of evidence can not be resorted to where direct evidence of the fact is obtainable. Jackson v. State, 7 Texas Crim. App., 363; Stewart v. State, 9 Texas Crim. App., 321; Wilson v. State, 12 Texas Crim. App., 481; Bowling v. State, 13 Texas Crim. App., 338; Williamson v. State, 19 Texas Crim. App., 514; Anderson v. State, 14 Texas Crim. App., 49; Love v. State, 15 Texas Crim. App., 563; Clayton v. State, Id., 348; Miller v. State, 18 Texas Crim. App., 34; Pratt v. State, 19 Texas Crim. App., 276; Scott v. State, Id., 325; Schultz v. State, 20 Texas Crim.

App., 308. It is a familiar rule that the best evidence attainable must be adduced.

The admissions or confessions of appellant, made before the grand jury, after being warned, in regard to the burglary charged in the indictment, were introduced in evidence. He reserved an exception, and assigns error. The ruling of the court is correct. Thomas v. State, 35 Texas Crim. Rep., 178; Jones v. State, 33 Texas Crim. Rep., 7; Paris v. State, 35 Texas Crim. Rep., 82; Thompson v. State, 19 Texas Crim. App., 593; Nicks v. State, 40 Texas Crim. Rep., 1. It is claimed that these authorities are in contravention of Gutgesell v. State (Texas Criminal Appeals), 43 Southwestern Reporter, 1016. That case seems to indicate that testimony before a grand jury can be used for two purposes only: (1) Where perjury is assigned upon evidence adduced before the grand jury; and (2) where witnesses testifying before the court made different statements before the grand jury in regard to the same matter—in other words, for impeachment purposes. The cases cited above in support of the foregoing proposition as to confessions made by a defendant before the grand jury in regard to the matter for which he is being tried were not discussed in Gutgesell's case, and no reference was made to the decisions cited. If it was intended to overrule those cases, certainly it should have been mentioned, or the propositions discussed in the Gutgesell case. Nor is the Gutgesell case correct in stating that the testimony given before the grand jury could only be used for impeachment purposes, for the authorities above cited are directly to the contrary. There are other instances in which such testimony can be used. Where an attack is made upon an indictment by reason of the fact that some person other than those authorized were present before the grand jury when the indictment was considered, the secrecy hanging around the grand jury can be unveiled, and testimony introduced showing that fact. Rothschild v. State, 7 Texas Crim. App., 519; Stuart v. State, 35 Texas Crim. Rep., 440; Sims v. State (Texas Crim. App.), 45 S. W. Rep., 705. So the question may be investigated as to whether the grand jury is a full and complete grand jury. Drake v. State, 25 Texas Crim. App., 293; Jackson v. State, 25 Texas Crim. App., 314; Smith v. State, 19 Texas Crim. App., 95; Watts v. State, 22 Texas Crim. App., 572; Woods v. State, 26 Texas Crim. App., 490; Trevinio v. State, 27 Texas Crim. App., 372; Mays v. State, 28 Texas Crim. App., 485. "Neither the rule of secrecy nor the oath of secrecy which grand jurors are required to take prevents the public or an individual from proving by one or more of the grand jurors in a court of justice what passed before the grand jury, where, after the purpose of secrecy has been effected, it becomes necessary to the attainment of justice and the vindication of truth and right, in a judicial tribunal, that the conduct and testimony of prosecutors and witnesses shall be inquired into." 17 Am. and Eng. Enc. of Law, 2 ed., p. 1294; Jenkins v. State, 35 Fla.,

737, 18 So. Rep., 182; Hinshaw v. State, 147 Ind., 334, 47 N. E. Rep., 157; State v. Buskirk, 59 Ind., 384; Burdick v. Hunt, 43 Ind., 381; Shattuck v. State, 11 Ind., 475; Burnham v. Hatfield, 5 Blackf., 21; Hunter v. Randall, 69 Me., 183; State v. Benner, 64 Me., 267; Sands v. Robison, 12 Smedes & M., 704; State v. Broughton, 29 N. C., 96, 45 Am. Dec., 507; State v. Moran, 15 Ore., 262, 14 Pac. Rep., 419; Jones v. Turpin, 6 Heisk., 181; United States v. Kirkwood, 5 Utah, 123, 13 Pac. Rep., 234. And the refusal of a grand juror to testify is contempt. Ex Parte Schmidt, 71 Cal., 212, 12 Pac. Rep., 55. Nor can witnesses before a grand jury invoke the rule of secrecy, after the hearing before that body has been terminated; nor can witnesses rely upon such rule in criminal proceedings against them, or where it is sought subsequently to impeach their credibility as witnesses, or to take advantage of admissions made by them. People v. Northey, 77 Cal., 618, 19 Pac. Rep., 865, 20 Pac. Rep., 129; People v. Kelley, 47 Cal., 125, 126; People v. Young, 31 Cal., 564; State v. Broughton, 45 Am. Dec., 507; United States v. Kirkwood, 5 Utah, 123, 13 Pac. Rep., 234; People v. Reggel, 8 Utah, 21, 28 Pac. Rep., 955. So it is held that testimony given by a witness before the grand jury can be used to refresh his memory on the trial of the case. Spangler v. State, 41 Texas Crim. Rep., 424.

Where a person is being tried for crime, a confession voluntarily made by him before a grand jury may be proved by members of that body, and it has been held in civil actions a grand juror may testify to admissions made by a person against his interests before the grand jury. In support of the proposition that grand jurors may testify as to a defendant's confession, see Sikes v. Dunbar, 2 Selw. N. P., 13 ed., 1015. This case was decided by Lord Kenyon, and was cited in State v. Broughton, 29 North Carolina, 96, being reported in 45 American Decisions, 507. See also United States v. Porter, 2 Cranch, Crim. Cas., 60, 27 Fed. Cas., 595 (No. 16,072); United States v. Charles, 2 Cranch, Crim. Cas., 76, Fed. Cas., No. 14,786; Hinshaw v. State, 147 Ind., 344, 47 N. E. Rep., 157; State v. Broughton, 45 Am. Dec., 507; and the cases above cited in 5 Utah, 13 Pac. Rep., and 8 Utah, 28 Pac. Rep. As to the use of admissions made before the grand jury in civil cases, see 5 Blackf., 21; Kirk v. Garrett, 84 Md., 383, 35 Atl. Rep., 1089; 17 Am. and Eng. Enc. of Law, p. 1296, and notes 3-6. So the evidence of the witness given before the grand jury may be introduced against him under a charge of perjury, through the mouth or mouths of the grand jurors. So, such testimony may be used for impeachment purposes. See Id., p. 1297, note 1, for collation of authorities. The authorities cited in support of the proposition that confessions made by a defendant before a grand jury can be subsequently used on his trial are in line with the decisions of our State.

The judgment of the County Court of Dallas County was introduced, which adjudged appellant insane. Error is assigned upon the court's

charge in relation to this matter, and special charges were asked to cover the alleged defects. Upon another trial a charge should be given in accordance with the rules announced in Hunt v. State, 33 Texas Criminal Reports, 252. For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

· HENDERSON, JUDGE (dissenting).—I do not agree to that portion of the opinion of the presiding judge which holds that the trial court committed no error in admitting, over objections of appellant, his confessions made before the grand jury, after being warned in regard to the burglary charged in the indictment. In support of the opinion, Thomas v. State, 35 Texas Criminal Reports, 178; Jones· v. State, 33 Texas Criminal Reports, 7; Paris v. State, 35 Texas Criminal Reports, 82; Thompson v. State, 19 Texas Criminal Appeals, 593; Nicks v. State, 40 Texas Criminal Reports, 1,—are referred to; and Gutgesell v. State (Texas Criminal Appeals), 43 Southwestern Reporter, 1016, is overruled. It is remarked as strange that in Gutgesell's case no reference was made to the above decisions. In Thompson's case, supra, this character of evidence was rejected. In Jones' case the question was not raised. Nor was the point raised in Paris' case, it being merely insisted in that case that the testimony was not freely and voluntarily made, but given under the promise of immunity. In Nicks' case it does not appear that the testimony introduced was a confession before the grand jury. The opinion suggests that the confession of appellant had been made outside the jury room to the county attorney, and was used in the grand jury room to indict other persons, and the objection urged was that the testimony was inadmissible because used before the grand jury to indict others. Spangler's case, 41 Texas Criminal Reports, 424, is also referred to; but here the grand jury's testimony was only used by the witness to refresh his memory and was not used as evidence before the petit jury. In Thomas' case, however, evidence of a confession made by defendant before the grand jury was admitted as original testimony. Reference was here made to Clanton's case, which overruled Ruby's case, in 9 Texas Criminal Appeals. Now, it appears all these cases, so far as any question was made as to this character of testimony, were based on Clanton's case. All that was decided in that case was that a witness could be impeached by contradictory testimony adduced by him before the grand jury. In that case, however, Mr. Wharton was referred to, and some expressions of his were quoted with seeming approval, to wit: "Of course a prudent discretion should be exercised by the court in the admission of such testimony. It is not properly admissible for all purposes, nor in reference to all the proceedings of the grand jury. It is only when in the judgment of the court it becomes material to the administration of justice that it should be allowed." This expression, and not the decision itself, seems to have furnished

the keynote for subsequent decisions on the subject. That is, such testimony was admissible when in the judgment of the court it becomes material to the administration of justice that it should be allowed, thus leaving the rule of law as to the admissibility of the evidence to be determined by the trial judge. See Thompson v. State, supra; and Scott v. State, 23 Texas Crim. App., 521. So that the effect of the decision in Gutgesell's case was really to explain what was said in Clanton's case, and to indicate the point decided, and while the other decisions were not expressly overruled by name, so far as they followed the dicta used in Clanton's case they were overruled. All of said cases, except the Nicks case and Spangler case, were decided before the Gutgesell case. In the latter case (rendered by Judge Hurt) the admissibility of testimony taken before the grand jury as original evidence, and not in contradiction of the testimony of the witness testifying in the case on trial, came squarely before this court, and our statutes on the subject were thoroughly discussed. And it was there held to be the declared policy of our law "to make secret all of the proceedings before the grand jury, except as provided in said article 404, Code of Criminal Procedure, which authorizes a disclosure of such proceeding whenever the truth or falsity of evidence given in the grand jury room in a criminal case shall be under investigation." Before that case was decided, the same doctrine was announced in Hines v. State, 37 Texas Criminal Reports, 339 (an opinion rendered by our present presiding judge) and has since been followed in Christian v. State, 40 Texas Criminal Reports, 669. So it would seem if any question could be settled by decisions that this should be considered res adjudicata. I notice in the opinion a great number of cases from other States are referred to, but it occurs to me that it would be an unprofitable task to review them. They only serve to indicate in those States a relaxation of the general rule which came down to us from the common law, that the proceedings before the grand jury were to be kept secret. But certainly these decisions can not be invoked as an interpretation of our own statutes on the subject. That is plain enough, and when the language requires a grand juror to swear that he will keep secret all the proceedings had before the grand jury, unless required to disclose same in the course of a judicial proceeding, in which the truth or falsity of evidence given in the grand jury room in a criminal case shall be under investigation, this oath requires no judicial interpretation. It prescribes the only contingency in which the grand jury room can be gone into for evidence. And for this court to require a member of the grand jury to disclose something against his oath, it occurs to me would be doing violence to his conscience.

In regard to cases cited authorizing the indictment to be set aside on evidence that the indictment was not found by at least nine grand jurors, or that some person not authorized by law was present when the grand jury were deliberating or voting upon the indictment—

this is authorized by statute, article 559, Code of Criminal Procedure, and besides, it does not require a disclosure of the proceedings or testimony taken before the grand jury.

For the reasons given, I do not concur in that part of the opinion which I have discussed.