### Fayette Gibson v. The State.

#### No. 2897. Decided December 18, 1903.

1.—Incest—Contradictory Statements of Prosecutrix.

Where prosecutrix testified in behalf of defendant, "that she had never had intercourse with appellant, and that he was not the father of her child; that the only person who had ever had intercourse with her was one B. D.;" Held, that it was not error, after predicate laid, to allow the State on cross-examination to interrogate her as to her statements before the grand jury, which, she having denied, were proven by various members of the grand jury and the district attorney, the same being upon a material issue.

2.—Objection to Testimony—Limiting Same.

Where no objection was made at the time to the admission of impeaching testimony, and the court properly limited the same to the purpose for which it could be considered, the same can not be complained of.

3.—Same—Charge.

Where the evidence is positive of the incestuous intercourse, it is error for the court to present to the jury the law of circumstantial evidence, even though such charge be not injurious to appellant.

Appeal from the District Court of Nacogdoches. Tried below before Hon. Tom C. Davis.

Appeal from a conviction for incest; penalty, imprisonment in the penitentiary for four years.

The case is sufficiently stated in the opinion.

No brief for appellant found in the record.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of incest, and his punishment assessed at confinement in the penitentiary for a term of four years.

While prosecutrix, Eliza Underwood, was testifying in behalf of the defendant, she stated that she had never had intercourse with appellant, and that he was not the father of her child; that the only person who had ever had intercourse with her was Will Davis. Bill number 1 shows that the State, on cross-examination, was permitted to interrogate her as to her testimony before the grand jury. She denied making certain statements before the grand jury; some she said she did not remember about. Thereupon the State proved by various members of the grand jury and the district attorney that she made these statements before the grand jury. In this there was no error.

It was also proper for the court to permit the State to place the witnesses on the stand and prove the contradictory statements after laying the predicate, as above shown, her testimony and the questions asked her being upon a material issue. The court properly limited the impeaching testimony to the purpose for which it could be considered.

Appellant complains of the admission of testimony shown in bills numbers 2, 3 and 4, but the court in his explanation to these bills states that there was no objection made at the time of the introduction of said testimony.

Appellant also insists the court erred in presenting to the jury the law of circumstantial evidence. This is true, since the evidence is not at all circumstantial, but there is positive testimony to the incestuous intercourse. However, such a charge could not injure appellant.

The verdict of the jury is supported by the evidence. The judgment is affirmed.

*Affirmed.*