# CRIMINAL COURT OF BALTIMORE CITY.

Filed January 13, 1911.

STATE
VS.
McCUBBIN.

*Emory L. Stinchcomb* for the State.
*Thomas C. Ruddell* for traverser.

DUFFY, J.—

The question which arises on this motion is this: Is a confession, otherwise admissible, given before a committing magistrate under oath upon the preliminary hearing, admissible at the trial of the charge against the traverser?

The rule in England on this subject from early times was to exclude as involuntary statements made by a person to a committing magistrate at a preliminary hearing if he has been put under oath. The reason of this is that the practice has been regulated by Statute, from that of 1 and 2 Phil. and Mary, C. 13, to 13 and 14 Vic., C. 18 (1848).

These statutes provide for an opportunity being afforded to the prisoner after hearing the testimony of the witnesses against him, to make his statement to the magistrate without being sworn. The courts have therefore held, that when acting under these statutes, for the magistrate to put the prisoner under oath is to so disturb his ease of mind as to make any statement made by him "Involuntary," and to subject him to coercion for the reason that such statement must be reduced to writing by the magistrate, returned to court and then become evidence per se against the prisoner.

Probably also because the prisoner was an incompetent witness until the passage of the Criminal Evidence Act in 1898, except in certain cases when he was expressly made competent by certain statutes in proceedings thereunder.

Russell on Crimes, 2187.
Alexander's Brit. Stat., 373.

Taylor's Evidence, see 865-6.
6 A. & E. Ency., 566.

In this country the early cases and those in jurisdictions having statutes similar to that of Philip and Mary, follow the English decisions: 15 N. Y. 384 is the leading case holding the English view.

I Greenleaf Ev., Sec. 225, also holds to this opinion.

The later cases favor placing a confession made under oath to a committing magistrate or person in authority, upon the same footing as to admissibility as other confessions.

51 Me. 215, State vs. Gilman, 1862.
59 Cal. 650, People vs. Taylor; to a coroner, but whole subject ably considered, 1881.
47 Cal. 126, People vs. Kelley, 1873.
130 Pa. St. 650, C. vs. Clark, 1889.
162 U. S. 623, Wilson vs. U. S., 1895.
168 U. S. 559, Bram vs. U. S., (before a U. S. Commissioner).
166 Mass. 252, Com. vs. Wesley, 1896. Statement made under oath to a fire marshal.
72 Mich. 178, Peo. vs. Prague, 1888.
120 N. C. 593, St. vs. Melton, 1897.
119 Mo. 551, St. vs. Wisdom, 1893.
96 Va. 493, Hite's case, 1898.
77 Vt. 59, St. vs. Blay, 1904.
68 Ia. 424, St. vs. Briggs, 1886.

We, therefore, hold in accordance with the later American cases above mentioned that a confession otherwise admissible is not rendered inadmissible by reason of the fact that it is given before a committing magistrate under oath, but that this circumstance may be taken into consideration in determining whether or not it is voluntary.