## Jake Addison v. The State.

### No. 5363. Decided April 16, 1919.

#### 1.—Divulging Secrets of Grand Jury—Witness—Grand Juror—Public Policy.

Where, upon trial of a violation of Article 316 P. C., which forbids divulging the proceedings of any grand jury, the State introduced the foreman of said grand jury and proved by him that the defendant was a witness before said body and that he testified therein, an objection to such testimony on the ground that the truth or falsity of the testimony given by the defendant before said grand jury was not under investigation, and that therefore the testimony of said foreman of the grand jury was in violation of his oath and contrary to public policy, was untenable, and the testimony was correctly admitted.

#### 2.—Same—Statutes Construed—Grand Juror as a Witness.

Article 316 P. C., as amended, especially provides that the inhibitions against members of the grand jury and witnesses not to divulge the proceedings of said body do not apply when they are required to testify to any of the aforesaid matters before a judicial tribunal; besides, defendant could not avail himself of this matter on the ground that the grand juror had violated his oath. Overruling Gutgesell v. State, 43 S. W. Rep., 1016; Brown v. State, 42 Texas Crim. Rep., 176. Distinguishing Hines v. State, 37 Texas Crim. Rep., 339; Christian v. State, 40 Id. 669. Following Wisdom v. State, 42 Texas Crim. Rep., 579.

#### 3.—Same—Variance—Allegation and Proof.

Where, upon trial of divulging the proceeding of the grand jury before whom defendant had testified as a witness, there was a variance between the statements of defendant as alleged in the indictment and those testified to by the witnesses, the conviction could not be sustained.

Appeal from the County Court of Hill. Tried below before the Hon. R. T. Burns, judge.

Appeal from a conviction of a violation of divulging proceedings of grand jury; penalty, a fine of $100.

The opinion states the case.

*Dupree & Crenshaw,* for appellant.—On question of variance: Watson v. State, 5 Texas Crim. App., 11; Neely v. State, 23 S. W. Rep., 798; Evans v. State, 40 id., 988; Butts v. State, 84 id., 586; Robinson v. State, 60 Texas Crim. Rep., 592, 132 S. W. Rep., 944.

On question of charge of court; Buckley v. State, 70 Texas Crim. Rep., 550, 157 S. W. Rep., 765; Moore v. State, 206 S. W. Rep., 683; Higdon v. State, 79 S. W. Rep., 546.

*E. A. Berry,* Assistant Attorney General, for the State.—On

question of variance; confessing error; Meysenburg v. State, 71 S. W. Rep., 229; Blocker v. State, 73 id., 955; Gray v. State, 11 Texas Crim. App., 411; Warrington v. State, 1 id., 168; Cameron v. State, 9 id., 332; Rodgers v. State, 26 id., 404; Martinez v. State, 51 Texas Crim. Rep., 584.

LATTIMORE, Judge.—Appellant was convicted in the County Court of Hill County for the violation of article 316, P. C., which forbids divulging the proceedings of any grand jury, and his punishment fixed at a fine of $100.

Appellant was a witness before the grand jury and was interrogated as to certain gaming. It was charged that he afterwards divluged to Ward Russell the facts which he had learned by reason of his being such witness. On the trial the State introduced the foreman of the grand jury, one Wilson, to show that the appellant was such witness before said body, and also what he testified when there. Such testimony was introduced under the evident hypothesis, that before the State could make out its case against appellant for divulging the proceedings of the grand jury, it would have to first show what those proceedings were.

Appellant by proper bill of exceptions here complains that the evidence of said Wilson should not have been received, because the truth or falsity of the evidence given by the appellant before the grand jury was not under investigation, nor was the truth of any matter inquired about before the grand jury an issue in said case, and that such testimony of said foreman of the grand jury was in violation of the oath he had taken and contrary to public policy.

The oath taken by every grand jury is as follows: "You solemnly swear (or affirm, as the case may be) that you will diligently inquire into, and true presentment make, of all such matters and things as shall be given you in charge; the state's counsel, your fellows' and your own, you shall keep secret, unless required to disclose the same in the course of a judicial proceeding in which the truth or falsity of evidence given in the grand jury room, in a criminal case, shall be under investigation. You shall present no person from envy, hatred or malice; neither shall you leave any person unpresented for love, fear, favor, affection or hope of reward; but you shall present things truly as they come to your knowledge, according to the best of your understanding, so help you God."

Article 316 of the Penal Code is as follows: "Any grand juror, or any person who shall appear before any grand jury in this State, and who, after being sworn according to law as a witness before said grand jury, shall afterwards divulge, either by word or sign, any matter about which said witness may have been interrogated or any proceeding or fact said witness may have learned

by reason of being said witness, shall be guilty of a misdemeanor, and, upon conviction shall be fined in any sum not less than one hundred nor more than one thousand dollars, and may be in addition thereto imprisoned in the county jail not exceeding six months; provided, this act shall not apply to persons required to testify to any of the aforesaid matters before a judicial tribunal.''

It is provided by article 25 of our Code Criminal Procedure that the provisions of this code shall be liberally construed so as to attain the objects intended by the Legislature; that is, the prevention, suppression and punishment of crime.

Prior to the enactment of article 316 supra, one could not be punished for divulging the secrets of a grand jury, his oath being well within the provisions of article 307, P. C., which provides that violations of oaths of office, or any promissory oaths, would not support a conviction of perjury, the same rule being applicable to false swearing.

It is clear that the provisions of article 316 supra include the members of grand juries as well as witnesses there testifying, in its prohibitive language, and that in an inquiry before any judicial tribunal where the members of the grand jury, or those who have been witnesses before the same, are required to testify to any of the matters set forth in article 316, that they are authorized by the last clause of said art. 316 to do so. If there could exist any substantial doubt as to this being the law, this court would hold that article 316 supra is a permissive qualification of article 416 C. C. P., and that it is proper for a grand juror to so consider and construe his oath when called as a witness in any judicial proceeding.

Indeed, the matter complained of is of no moment to appellant, and is not one of which he can avail himself, if it were in fact, a violation of the grand juror's oath to so testify, as that would be a matter solely with the grand juror's own conscience; such act of so divulging not being penal except by the terms of article 316, P. C., and said article expressly giving to the grand jurors, or to the witnesses, the authority under our law to testify when required to so do by the court in a judicial proceeding.

We are cited to certain cases by counsel for appellant, in which language is used by this court to the effect that what occurs in a grand jury room cannot be inquired into except in cases where the truth or falsity of the evidence there given is under investigation. See Hines v. State, 37 Texas Crim. Rep., 339; Gutgesell v. State, 43 S. W. Rep., 1016; Christian v. State, 40 Texas Crim. Rep., 669; Brown v. State, 42 Texas Crim. Rep., 176. The Hines case does not hold in accordance with appellant's contention, and is cited as authority and misinterpreted in the Gutgesell and Brown cases supra, which latter cases are hereby overruled in so far as they announce a doctrine contrary to our holding in this case.

In the well considered case of Wisdom v. State, 42 Texas Crim. Rep., 579, Judge Davidson in effect overrules the Gutgesell case and discusses many instances in which testimony relative to grand jury proceedings may be given in cases other than those where only the truth or falsity of evidence before the grand jury is under investigation.

It is also contended by appellant that this conviction cannot stand because of a variance between the statements of appellant as alleged in the indictment and those testified to by the witnesses. Our Assistant Attorney General has agreed with this contention and error is confessed in his brief filed herein. An inspection of the record justifies the conclusion arrived at. It was alleged in the indictment that appellant told Russel that certain persons, naming them, were being investigated by the grand jury for their connection with gaming, and that the grand jury had questioned him as to his knowledge of said offenses, but had been unable to make him tell anything until after they placed him in jail, and that he then told them that such persons were gaming near Covington about August 24, 1918.

When we examine the testimony given by the witness Russell we find that he testified that appellant told him that the grand jury had indicated the persons named in the indictment, for gambling at Covington, and that this was all he told him. This evidence does not correspond to the allegations of the indictment, and does not make out the State's case as pleaded.

For this error the case must be reversed and the cause remanded for another trial.

*Reversed and remanded.*