## HUN BISCOE v. THE STATE.

### No. 5454. Decided November 19, 1919.

**Local Option—Evidence—Witness—Grand Juror—Impeachment.**

Where, upon trial of a violation of the local option law, after the prosecuting witness, alleged to be the purchaser, gave evidence for the State that he purchased said liquor from defendant, defendant thereupon asked the witness if he had not been before the grand jury and testified that he did not buy said liquor from defendant and was thereupon sent to jail, brought back and then testified for the first time that he had bought said liquor from defendant, all of which questions he would have answered in the affirmative, and to which testimony the trial court sustained an objection by the State, the same was reversible error, as the witness could have been impeached by proof of what transpired before the grand jury. Following: Addison v. State, 85 Texas Crim. Rep., 181, 211 S. W. Rep., 225, and other cases.

Appeal from the County Court of Smith. Tried below before the Hon. W. R. Castle, judge.

Appeal from a conviction of a violation of the local option law; penalty, a fine of twenty-five dollars and twenty days confinement in the county jail.

The opinion states the case.

*Simpson, Lasseter & Gentry,* for appellant.—On question of excluding testimony before grand jury: Hines v. State, 39 S. W. Rep., 935; Turner v. State, 51 id., 366; Gibson v. State, 77 id., 812; Clanton v. State, 13 Texas Crim. App., 139, and cases cited in the opinion.

*E. A. Berry,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of violating the local option laws of this State, and his punishment fixed at a fine of $25 and twenty days in jail.

But one error is here presented, being raised by two bills of exception, which were duly approved by the county judge.

When the prosecuting witness, alleged to be the purchaser at the illegal sale, was on the stand and gave evidence for the State, he testified as alleged in the information, that he did purchase said whiskey from appellant. He was then asked by appellant's counsel to state, and affirmatively answered, if he had not been before the grand jury and there interrogated in regard to this same matter, and if he had not there stated, under oath, that he had not bought whiskey from appellant, or that he did not remember having bought the same, and after making such statement, if he was not then sent to jail by the grand jury and there kept until the afternoon of the same day; and then, when brought back before said body, if he did not then for the first time state that he had bought said whiskey from the appellant. The county attorney moved the court to strike out said evidence, and to instruct the jury not to consider the same, which was done over appellant's objection.

In this same connection, as appears from the other bill of exception, said witness was asked if he did not state to said grand jury, when he was first before them, that he did not buy any whiskey from appellant, or that he did not then state that he did not remember having bought any whiskey from appellant, and if he did not then refuse to admit that he had bought said whiskey until he had been confined in the county jail; all of which questions would have been answered by the witness in the affirmative, but for the objections thereto. It seems that the objection to this testimony was based on the ground that a witness could not be asked to state what occurred in the grand jury room; and that he could

not be impeached by proof of what did there transpire. This was error, and a timely exception having been reserved thereto, it is such error as necessitates the reversal of this case. The contrary doctrine to that adhered to by the trial court has oftener been held by us.—Wisdom v. State, 61 S. W. Rep., 926; Gibson v. State, 77 S. W. Rep., 812; Galegos v. State, 85 S. W. Rep., 1150; Addison v. State, 85 Texas Crim. Rep., 181, 211 S. W. Rep., 225.

For the errors indicated, the judgment of the trial court must be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*