HILLER CHRISTIAN v. THE STATE.

No. 1620. Decided June 7, 1899.

**1. Cross-examination of Witness as to His Testimony Before Grand Jury.**

It is not competent for the State, on cross-examination of a witness, to show what he may have testified before the grand jury about other matters not inquired about on his examination in chief. A witness can not be required to state what had occurred in the grand jury room, except under the very contingency provided in article 404, Code of Criminal Procedure, which authorizes grand jurors to testify as to what occurred in the grand jury room where the truth of evidence before them, in a criminal case, is under investigation.

**2. Same—Impeachment of Witness.**

Where the truth or falsity of a witness' testimony when on the stand is directly in issue, he may be impeached by proving that he made contradictory statements under oath in the grand jury room.

APPEAL from the District Court of Hopkins. Tried below before Hon. HOWARD TEMPLETON.

Appeal from a conviction for seduction; penalty, three years imprisonment in the penitentiary.

The indictment charged that appellant, on the 20th day of March, 1898, did seduce Zena Harper, an unmarried female under the age of twenty-five years, by a promise to marry her, and that by means of said promise he obtained and had carnal knowledge of her.

In view of the disposition made of this appeal, a general statement of the evidence, etc., is not required.

*King & Sweeton,* for appellant.

*Robt. A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of seduction, and his punishment assessed at three years confinement in the penitentiary, and he appeals.

On the trial, defendant introduced as a witness one Bill Post, and asked him if he knew the general reputation of the prosecutrix, to which he replied that he knew nothing detrimental to her. He was then asked what parties visited the house of the prosecutrix, to which he replied, "Mac Horton, the Stephens boys, the Culpeper boys." The witness was then passed to the prosecution for cross-examination. The State then asked the witness, on cross-examination, if he had not been before the grand jury and sworn that he had had intercourse with prosecutrix, and if he did not afterwards go before the grand jury and tell that body that he had sworn falsely. Appellant objected to said questions and answers: "(1) Because said witness had not testified to any fact detrimental to the State, and the manner of examination of said witness by the prosecution, in effect, made him a State witness, and could not be impeached by the State, because he had testified to no facts damaging to the prosecution, or of a nature calculated to surprise the district attorney; (2) because it was an exposure by said witness of matters transpiring before the grand jury, when the witness had not testified differently on the stand to what he had testified before the grand jury the last time, and because the facts proved by said witness upon his examination by defendant did not make his testimony before the grand jury a material issue upon the trial of this cause; (3) because said testimony would be calculated to prejudice the minds of the jury against defendant." Said objections were overruled and the witness compelled to answer said question, to which he stated that he had sworn before the grand jury that he had carnal intercourse with the prosecutrix, and that he afterwards went back before the grand jury and retracted what he said, and testified that his former statement was untrue. The court explained this bill by stating, "This witness testified that he was induced by defendant to go before the grand jury and

falsely testify that he had carnal intercourse with Zena Harper, and then testified that he afterwards went back and retracted his false statement."

This question has recently been under consideration by this court, in the case of Hines v. State, 37 Texas Criminal Reports, 339, and Gutgesell v. State (Texas Criminal Appeals), 43 Southwestern Reporter, 1016. And we there laid down the doctrine that the only contingency that authorized the State to go into the grand jury room, and prove what the witness there testified to, was marked out in article 404, Code of Criminal Procedure, which states the oath required of the grand jurors; and the only limitation put upon the oath is where the truth or falsity of evidence given in the grand jury room in a criminal case shall be under investigation,—that is, no grand juror is authorized by his oath to give testimony on the stand in regard to any other matter than that specified in the oath itself. If the defendant had proved by this witness that he had had intercourse with the prosecutrix, then it would have been permissible on the part of the State, in cross-examination of said witness, to show that he had sworn differently before the grand jury, or, in case he denied it, then to contradict him; that is, the truth or falsity of his statement when on the stand would then be directly in issue. But we do not understand such to be the case here. On the contrary, the witness was not asked in regard to this matter by the defendant, and he gave no testimony on that issue; and it was not competent for the State, on cross-examination, to show what he may have testified before the grand jury about other matters not inquired about in his examination in chief. It may have been competent for the State to have shown that the defendant was attempting to tamper with the witness by procuring him to fabricate testimony; and it may have been competent for the State, by this witness or other witnesses, to have shown that appellant approached them on the subject. The State, however, was not content to stop here, but went further, and required the witness to state what had occurred in the grand jury room. Under our statutes on the subject, and the construction which has been placed thereon by this court, he could not go into the grand jury room and bring out what may have occurred there, except under the very contingency provided in the statute.

Appellant assigns a number of other errors, but we do not deem it necessary to discuss them. On account of the admission of this improper testimony, the judgment is reversed, and the cause remanded.

*Reversed and remanded.*