## JIM MANOR v. THE STATE.

No. 2757. Decided December 9, 1903.

#### Murder—Practice—Severance—Dismissal as to Codefendants.

Appellant, Whitfield Jackson and Sarah Cain, were jointly indicted for the murder of R. Cain, husband of Sarah. When the case was called for trial, the State having announced ready. Sarah Cain presented an affidavit for severance, asking that Jackson be first placed on trial, which motion was granted. Thereupon appellant presented his motion asking for severance and that Jackson and Cain be first tried. This motion was granted, and the case against Jackson was called. Announcement of ready having been made by defendant's attorneys in the case, the district attorney presented a motion to dismiss as to both Jackson and Sarah Cain for reasons stated, which are deemed by this court rather reasons why the dismissal should have been refused, as, usually, with the consent of the court, the district attorney may dismiss pending indictments, and so far as the parties are concerned no objection can be urged by them. Held, this is not a question of right accruing to the parties whose cases are dismissed and whose testimony is sought by the severance, but it was appellant's right to have them tried first in order to obtain their testimony; and it was his rights that were involved, and for his benefit the statute was enacted, and under the circumstances he could not, in this manner, be deprived of this testimony of his codefendants if tried and acquitted.

Appeal from the District Court of Travis. Tried below before Hon. George Calhoun.

Appeal from a conviction of murder in the first degree; penalty, death.

The indictment charged appellant, Jim Manor, jointly with Whitfield Jackson and Sarah Cain, with the murder of R. Cain, husband of Sarah Cain, "by then and there striking, beating and wounding said R. Cain with a stick of wood, a club, a bludgeon, an ax, and some blunt

instrument, and by cutting and wounding said R. Cain with an ax and some sharp instrument," etc.

Owing to the disposition made of the case no statement is required.

No brief for appellant found with the record.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at death.

Appellant, Whitfield Jackson and Sarah Cain were jointly indicted for the murder of R. Cain, Sarah's husband. When the case was called for trial the State announced ready. Sarah Cain presented an affidavit for severance, and asked that Whitfield Jackson be first placed upon trial. This was granted. Thereupon appellant presented his affidavit asking for severance and that Whitfield Jackson and Sarah Cain both be first tried. This was granted. The case of Whitfield Jackson was called, and the district attorney made a verbal request of the court for time in which to talk with the witnesses. The case was postponed until after the noon recess. When the court convened, the attorneys announced ready in Whitfield Jackson's case. The district attorney then presented a motion to dismiss as to Whitfield Jackson and Sarah Cain. The motion to dismiss is as follows: "* * * Sarah Cain has filed an affidavit that the testimony of Whitfield Jackson is material to her defense, and Jim Manor has filed an affidavit that the testimony of both Sarah Cain and Whitfield Jackson is material to his defense. Jim Manor has confessed to the act of killing of Cain, and the trial of said Manor is unquestionably demanded by the facts; and it may be that the testimony of Jackson and Cain in the trial of Manor may have great weight in establishing whether it will be necessary to further prosecute them. Wherefore it is deemed in the interest of public justice and expense to dismiss this case as to Whitfield Jackson and Sarah Cain, and said dismissal is prayed." This was granted. Application for continuance was made on account of these matters, and for the testimony of Whitfield Jackson and Sarah Cain. The application was overruled. It is also shown in bill of exceptions that during the noon recess the district attorney had J. M. Fox make affidavit against Whitfield Jackson and Sarah Cain, charging with same murder, before Justice of the Peace Johnson, and upon dismissal of the indictment against them they were immediately arrested under the warrants and placed in the county jail. These complaints were made before filing the motion to dismiss. In qualification of the bill, it is stated: "The court ruled and so informed defendant and his attorney that by the dismissal of the case against Jackson and Cain said Jackson and Cain became competent witnesses for defendant Manor, and that even if they had been rearrested they were still competent witnesses for defendant Manor, and defend-

ant Manor was, during the trial of the cause, without objection, allowed to put both Cain and Jackson on the stand as witnesses in his behalf." The qualification of the bill of exceptions refusing the continuance is practically the same as the foregoing, with this addition: "Defendant Jim Manor afterwards introduced both of said witnesses in his behalf, without objection, but both witnesses refused to testify on the grounds that they might incriminate themselves." Article 707 of the Code of Criminal Procedure provides substantially, that where parties are jointly or severally indicted for offenses growing out of the same transaction, they may sever and direct the order of trial under the circumstances mentioned in the article. These severances were sought under that article, and proper orders entered. This entitled appellant to have the cases of Jackson and Cain first tried. To avoid this, and for the purpose, as stated in the motion to dismiss, the district attorney obtained the permission of the court to dismiss the case against these two parties, by virtue of the indictment, and assigned his reason as above stated, to wit, "that he had the confession of appellant, and that his trial was unquestionably demanded by the facts, and it might be that the testimony of Jackson and Cain in behalf of Manor would have great weight in establishing whether it was necessary to prosecute them." It occurs to us that the reasons assigned by the district attorney for the dismissal, are reasons why the dismissal should have been refused. Clearly under the statute it was the right of appellant to have these parties first tried so he might use their evidence in case of an acquittal. Usually, with the consent of the court, the district attorney may dismiss pending indictments, and so far as the parties themselves are concerned whose cases are dismissed, no objection can be urged by them. This is not a question of right accruing to the parties whose cases are dismissed and whose testimony is sought by the severance; it was appellant's right to have them tried first to obtain their testimony, it was and is his rights that are involved, and for his benefit the statute was enacted. In Brown's case, 58 S. W. Rep., 131, Sharpe's case was dismissed by the district attorney to avoid the severance, and Brown placed upon trial. Pending the trial, Sharpe's case was dismissed from the docket, leaving him untrammeled; and it would seem from the opinion, that an agreement or promise had been made by the district attorney with Sharpe to dismiss his case if he would testify truthfully. But, in any event, he testified, and the accused had his testimony before the jury. He did not decline to testify as did the witness in this case. These matters had the effect of depriving appellant of his right of severance and of the testimony of the witnesses. They refused, under the circumstances, to testify. If they had been tried and acquitted, they would then have been competent witnesses. Appellant would have had the benefit of their evidence. As it is, their testimony was not before the jury; and the very object of the statute defeated. Without going into a discussion as to the effect of the statutes with reference to dismissal of cases by the district at-

torney and the statute which rejects the testimony in behalf of a party on trial ' of his confederates, whether accomplices, principals or accessories, we hold in this case that, under the circumstances, appellant was deprived of a legal right guaranteed by the statute, and that he had a right, under the circumstances, to have the parties tried, and he could not be deprived of their testimony in the manner in which it was done. Whitfield Jackson and Sarah Cain could not be required to testify, if their testimony tended to incriminate them in any way in the transaction. That the State may dismiss cases against a party is not denied, nor is it discussed here; but, under the facts of this case, appellant was deprived of the testimony of the codefendants. He was entitled to it. The judgment is reversed and the cause remanded.

. *Reversed and remanded.*