Appeal from Collingsworth County Court; C. C. Small, Judge.

Sam Russell was convicted of slander, and appeals. Reversed and remanded.

R. H. Templeton, of Wellington, and Chas. L. Black, of Austin, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J.  In this case appellant was convicted in the county court of Collingsworth county of slander, and his punishment fixed at a fine of $500 and six months in jail.

It was alleged in the indictment, in substance, that on or about April 15, 1917, the appellant did wantonly and maliciously impute a want of chastity to Alta Grigsby, in that in the presence of W. C. Benton, and divers other persons, he stated that one Flagal Stewart had "knocked up" said Alta Grigsby, then and there meaning by the term "knocked up" that said Alta Grigsby was pregnant by the said Flagal Stewart, etc.

[1] On the trial of the case, the state was permitted to introduce several witnesses who testified to different statements made by the appellant at other and different times from that alleged in the indictment. It is strenuously urged that this was error. We are inclined to think in a case of slander, where one of the material issues is whether a particular statement charged in the indictment was wantonly and maliciously made, that testimony of other similar statements at times other than that charged in the indictment is admissible; but in such case it is the plain duty of the trial court to instruct the jury that they cannot consider such evidence of extraneous offenses for any other purpose than as affecting the question as to whether the particular statement charged was wantonly and maliciously made, and the court should go further and instruct them that they cannot consider such extraneous statements for any purpose whatever, unless it has been shown to the satisfaction of the jury beyond a reasonable doubt that such statements were in fact made. We do not think the charge of the court properly restricted the purpose of this evidence on this trial.

[2] The case would be reversed for the failure of the state to prove the meaning of the language used as set out in the innuendo clause of the indictment. It is the law of this state that where it becomes necessary to explain the language used, by an innuendo pleading, it is also necessary to prove that the language so used has the meaning attached to the same by the innuendo. This was not done in the instant case, as no proof was made as to what the language imputed to the appellant meant, or what the witness Benton understood by the same. Riddle v. State, 30 Tex. App. 425, 17 S. W. 1073; Frisby v. State, 26 Tex. App. 180, 9 S. W. 463.

[3] The evidence to the effect that appellant told a witness that Alta Grigsby had slighted him is also admissible as showing the motive or malice of the accused in making the statement, if he did make the same, but should be restricted by the court to that purpose. McDonald v. State, 73 Tex. Cr. R. 125, 164 S. W. 831.

[4] We cannot say that the evidence as to the act of the witness J. W. Russell in arming himself and going to where the father of the prosecutrix lived, and as to what took place there, is inadmissible as the same may serve the purpose of showing bias, interest, and motive of said witness J. W. Russell; but, inasmuch as this occurred out of the presence of the appellant, the effect of such testimony should be restricted by the court to the purpose for which it is admissible, and the jury should be told that they could not consider the same as being otherwise against the appellant.

For the errors indicated, the judgment of the lower court is reversed, and the cause remanded for a new trial.

(85 Tex. Cr. R. 181)

ADDISON v. STATE.   (No. 5363.)

(Court of Criminal Appeals of Texas.   April 16, 1919.)

1. GRAND JURY ☞41—DIVULGEMENT OF PROCEEDINGS—EVIDENCE.

In prosecution for divulging proceedings of grand jury in violation of Pen. Code 1911, art. 316, foreman of jury was properly permitted to testify that defendant was a witness before the jury and as to what he testified to when there, despite defendant's claim that truth or falsity of his evidence before jury was not under investigation, and that foreman's testimony was in violation of his oath.

2. GRAND JURY ☞41—DIVULGING PROCEEDINGS.

Pen. Code 1911, art. 316, denouncing the offense of divulging the proceedings of a grand jury, includes members of the jury as well as witnesses testifying before them in its prohibitive language, and in an inquiry before any judicial tribunal, where the members of the grand jury or those who have been witnesses before it are required to testify to any of the matters set forth in article 316, they are authorized so to testify by the last clause of the article.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. GRAND JURY ⬤➣41—DIVULGEMENT OF PRO-CEEDINGS—TESTIMONY OF FOREMAN—RIGHT TO COMPLAIN OF ADMISSION.**

In prosecution for divulging proceedings of grand jury in violation of Pen. Code 1911, art. 316, defendant cannot complain that foreman of jury was improperly permitted to testify against him, since, if it were in fact a violation of the foreman's oath so to testify, it was a matter solely with his own conscience.

**4. GRAND JURY ⬤➣41—VARIANCE—DIVULGE-MENT OF PROCEEDINGS OF GRAND JURY.**

In prosecution of witness before grand jury for having divulged its proceedings in violation of Pen. Code 1911, art. 316, testimony of person to whom defendant was alleged to have divulged the proceedings as to what defendant told him *held* a variance from the allegations of the indictment.

Appeal from Hill County Court; R. T. Burns, Judge.

Jake Addison was convicted of divulging the proceedings of a grand jury, and appeals. Reversed, and cause remanded for new trial.

Dupree & Crenshaw, of Hillsboro, for appellant.

E. A. Berry, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the county court of Hill county for the violation of article 316, P. C., which forbids divulging the proceedings of any grand jury, and his punishment fixed at a fine of $100.

Appellant was a witness before the grand jury, and was interrogated as to certain gaming. It was charged that he afterwards divulged to Ward Russell the facts which he had learned by reason of his being such witness. On the trial the state introduced the foreman of the grand jury, one Wilson, to show that the appellant was such witness before said body, and also what he testified when there. Such testimony was introduced under the evident hypothesis that, before the state could make out its case against appellant for divulging the proceedings of the grand jury, it would have to first show .what those proceedings were.

[1] Appellant by proper bill of exceptions here complains that the evidence of said Wilson should ,not have been received, because the truth or falsity of the evidence given by the appellant before the grand jury was not under investigation, nor was the truth of any matter inquired about before the grand jury an issue in said case, and that such testimony of said foreman of the grand jury was in violation of the oath he had taken and contrary to public policy.

The oath taken by every grand jury is as follows:

"You solemnly swear (or affirm, as the case may be) that you will diligently inquire into, and true presentment make, of all such matters and things as shall be given you in charge; the state's counsel, your fellows', and your own, you shall keep secret, unless required to disclose the same in the course of a judicial proceeding in which the truth or falsity of evidence given in the grand jury room, in a criminal case, shall be under investigation. You shall present no person from envy, hatred, or malice; neither shall you leave any person unpresented for love, fear, favor, affection, or hope of reward; but you shall present things truly as they come to your knowledge, according to the best of your understanding, so help you God."

Article 316 of the Penal Code is as follows:

"Any grand juror, or any person who shall appear before any grand jury in this state, and who, after being sworn according to law as a witness before said grand jury, shall afterwards divulge, either by word or sign, any matter about which said witness may have been interrogated, or any proceeding or fact said witness may have learned by reason of being said witness, shall be guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not less than one hundred nor more than one thousand dollars, and may be in addition thereto imprisoned in the county jail not exceeding six months; provided, this act shall not apply to persons required to testify to any of the aforesaid matters before a judicial tribunal."

It is provided by article 25 of our Code of Criminal Procedure that the provisions of this Code shall be liberally construed so as to attain the objects intended by the Legislature; that is, the prevention, suppression, and punishment of crime.

Prior to the enactment of article 316, supra, one could not be punished for divulging the secrets of a grand jury, his oath being well within ·the provisions of article 307, P. C., which provides that violations of oaths of office, or any promissory oaths, would not support a conviction of perjury, the same rule being applicable to false swearing.

[2] It is clear that the provisions of article 316, supra, include the members of grand juries as well as witnesses there testifying in its prohibitive language, and that in an inquiry before any judicial tribunal, where the members of the grand jury, or those who have been witnesses before the same, are required to testify to any of the matters set forth in article 316, they are authorized by the last clause of said article 316 to do so. If there could exist any substantial doubt as to this being the law, this court would hold that article 316, supra, is a permissive qualification of article 416, C. C. P., and that it is proper for a grand juror to so con-

---

⬤➣For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sider and construe his oath when called as a witness in any judicial proceeding.

[3] Indeed, the matter complained of is of no moment to appellant, and is not one of which he can avail himself, if it were in fact a violation of the grand juror's oath to so testify, as that would be a matter solely with the grand juror's own conscience; such act of so divulging not being penal, except by the terms of article 316, P. C., and said article expressly giving to the grand jurors, or to the witnesses, the authority under our law to testify when required to so do by the court in a judicial proceeding.

We are cited to certain cases by counsel for appellant in which language is used by this court to the effect that what occurs in a grand jury room cannot be inquired into except in cases where the truth or falsity of the evidence there given is under investigation. See Hines v. State, 37 Tex. Cr. R. 339, 39 S. W. 935; Gutgesell v. State, 43 S. W. 1016; Christian v. State, 40 Tex. Cr. R. 671, 51 S. W. 903; Brown v. State, 42 Tex. Cr. R. 176, 58 S. W. 131. Hines Case does not hold in accordance with appellant's contention, and is cited as authority and misinterpreted in the Gutgesell and Brown Cases, supra, which latter cases are hereby overruled in so far as they announce a doctrine contrary to our holding in this case. In the well-considered case of Wisdom v. State, 42 Tex. Cr. R. 579, 61 S. W. 926, Judge Davidson in effect overrules the Gutgesell Case, and discusses many instances in which testimony relative to grand jury proceedings may be given in cases other than those where only the truth or falsity of evidence before the grand jury is under investigation.

[4] It is also contended by appellant that this conviction cannot stand because of a variance between the statements of appellant as alleged in the indictment and those testified to by the witnesses. Our Assistant Attorney General has agreed with this contention, and error is confessed in his brief filed herein. An inspection of the record justifies the conclusion arrived at. It was alleged in the indictment that appellant told Russell that certain persons, naming them, were being investigated by the grand jury for their connection with gaming, and that the grand jury had questioned him as to his knowledge of said offenses, but had been unable to make him tell anything until after they placed him in jail, and that he then told them that such persons were gaming near Covington about August 24, 1918.

When we examine the testimony given by the witness Russell, we find that he testified that appellant told him that the grand jury had indicted the persons named in the indictment for gambling at Covington, and that this was all he told him. This evidence does not correspond to the allegations of the indictment, and does not make out the state's case as pleaded.

For this error the case must be reversed, and the cause remanded for another trial.