The judgment of the trial court will be affirmed.

---

(86 Tex. Cr. R. 337)

### WEBB v. STATE. (No. 5517.)

(Court of Criminal Appeals of Texas. Dec. 3, 1919.)

1. INDICTMENT AND INFORMATION ⊚⟀140(2)— MISTAKE OF PROSECUTING WITNESS IN SWEARING TO COMPLAINT AS GROUND FOR QUASHING.

That prosecuting witness testified after start of trial that he would not have sworn to complaint charging accused with "habitual" carnal intercourse, if he had known that complaint so charged, is not sufficient to quash complaint, where prosecuting attorney stated that he read over the entire complaint to prosecuting witness before he signed.

2. INDICTMENT AND INFORMATION ⊚⟀140(2)— BURDEN OF PROOF ON MOTION TO QUASH COMPLAINT ON GROUND OF FRAUD IN OBTAINING.

Where a complaint was read over to prosecuting witness before he swore to it, the burden of proof is on accused, on motion to quash because prosecuting witness would not have signed complaint had he known what it contained, to show fraud.

3. CRIMINAL LAW ⊚⟀406(4)—ADMISSIONS BY ACCUSED BEFORE GRAND JURY AS COMPETENT EVIDENCE.

Incriminating statements of accused voluntarily appearing before grand jury and making the statements after having been duly warned in terms of law are admissible against him.

4. CRIMINAL LAW ⊚⟀402(1)—TESTIMONY OF GRAND JUROR AS TO ADMISSION BY ACCUSED AS SECONDARY EVIDENCE.

Court was within its discretion in overruling objection that testimony of grand juror as to incriminating statements of accused was not the best evidence, where two witnesses swore that statement of accused was not reduced to writing and another witness thought it was but was not certain.

5. LEWDNESS ⊚⟀10—SUFFICIENCY OF EVIDENCE.

In a prosecution of a married man for habitual carnal intercourse with a female not his wife, evidence *held* to sustain a conviction.

Appeal from San Patricio County Court; J. C. Houts, Judge.

Floyd Webb was convicted of adultery, and he appeals. Affirmed.

M. C. Nelson, of Sinton, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted of adultery in the county court of San Patricio county, the charge against him being that he had habitual carnal intercourse with one Anna Harris; he then and there having a living wife, and she having a living husband, etc. His punishment was fixed at a fine of $300.

[1] Appellant made a motion to quash the complaint in this case, after the trial had begun, and the prosecuting witness who filed the complaint had taken the stand and testified that he did not swear to the complaint, and that he would not have made it if he had known that it charged appellant with "habitual" carnal intercourse.

[2] The county attorney, in order to meet this statement, stated that he read the entire complaint over to said witness, who signed and swore to the same. There was no error in the action of the trial court in overruling this motion to quash. The cases cited properly hold that a complaint is not valid unless there is affixed to the same a proper jurat, but these cases present no authority for the

contention here made. We do not believe that a complaint can be so attacked, in the absence of some claim of fraud, and the burden to establish same would be upon appellant.

[3] It is urged that error was committed in allowing the state to introduce the testimony of three members of the grand jury, who testified to incriminating statements made by appellant before that body while investigating this charge. It is made to appear that, while such investigation was under way, appellant appeared before the grand jury and made a statement, after having been duly warned in terms of law. His statement thus made was introduced as evidence against him by the state, and is the matter complained of. There was no error in this action. Wisdom v. State, 42 Tex. Cr. R. 579, 61 S. W. 926; Addison v. State, 211 S. W. 225. The Brown Case, 42 Tex. Cr. R. 176, 58 S. W. 133, and Gutgesel Case, 43 S. W. 1016, cited by appellant, were overruled in the Addison Case, supra.

[4] Objection was also made to the testimony of said grand jurors, reproducing the statements made by appellant before the grand jury; the ground of such objection being that the statement of appellant was reduced to writing and that the writing was the best evidence. The state was not offering the contents of a written instrument, but the reproduction of a verbal statement made by appellant. The appellant made the objection thereto. That an objection is well founded in fact must be shown by the party who presents same. Two witnesses swore that the statement was not reduced to writing, and one said he was pretty sure it was written out, but he was not certain of it. The trial court was entirely within its discretion in admitting the said evidence in this state of the record.

The bill presents the objection to the testimony of all three of said witnesses in one bill. When the evidence sought to be reproduced was given orally in the first instance, the same rule would not apply as where it was prima facie an attempt to reproduce the contents of a written instrument.

[5] Appellant further contends that the verdict was without evidence to support it. We cannot agree with this proposition. When on the stand as a witness, appellant admitted to having intercourse with the female in question three times—all of which times, he said, were in his car. He admitted having been out with her many other times and places, both in and out of San Patricio county, and on one occasion spending the night with her by the roadside, at which time, however, he says he did not have carnal knowledge of her. He also stated on cross-examination that he did not know how many times he had carnal intercourse with her. The husband of the woman testified that he caught the parties in bed together on one occasion. The witness McNutt stated that his recollection of the statement of appellant before the grand jury was that he had had intercourse with the woman several times at his home. Many suspicious circumstances were testified to by the husband, and the father-in-law of the alleged paramour of appellant. This court has held that one proven act of intercourse, sufficiently accompanied by other facts, would sustain a conviction of adultery under the habitual clause of the statute. Mabry v. State, 54 Tex. Cr. R. 449, 114 S. W. 379.

Finding no error in the record, the judgment of the trial court is affirmed.

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes